UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-483-J |
| | ) |
| FNU PETEGREW, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Petitioner sought habeas relief and the matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Green issued a Report and Recommendation recommending that the matter be dismissed (Rep. & Rec.) [Doc. No. 11]. Petitioner filed a notice of appeal, which the Court has construed as an objection (Petr.'s Obj.) [Doc. No. 12], triggering de novo review.

**I.      Background**

Petitioner, a state prisoner appearing pro se, initially filed a petition pursuant to 28 U.S.C. § 2241 alleging illegal detention because the "[c]rime was committed outside State Jurisdiction inside another SOVEREIGN Nations lands and Jurisdiction." [Doc. No. 1 at 2]. Judge Green ordered Petitioner to refile the matter using the proper form, which the Court supplied. [Doc. No. 4]. Petitioner filed an amended petition but again failed to use the proper form. [Doc. No. 5]. Judge Green again ordered Petitioner to cure the error and also noted that Petitioner was "attacking the validity of his conviction and sentence under [28 U.S.C.] § 2241" but that his "claims that the State of Oklahoma lacked jurisdiction to prosecute and subsequently imprison him are not properly raised under § 2241" but must be raised under 28 U.S.C. § 2254. [Doc. No. 9]. Additionally, Judge Green found that Petitioner had failed to supply vital information regarding which sentence

or criminal conviction he was attacking or any facts supporting his allegations. *See id.* Petitioner was ordered to either resubmit the matter on a court-authorized § 2254 form or to "provide the information required by that form." *Id.*

Petitioner complied in part, filing a second amended petition on the court-approved § 2254 form; however, he crossed out the "§ 2254" and wrote "2241." [Doc. No. 10]. Moreover, Petitioner failed to provide any substantive information about the conviction or sentence he was challenging. *See id.*

**II.     Analysis**

Based on Petitioner's repeated failure to provide any information about what conviction he was challenging, Judge Green recommended dismissing the action under Fed. R. Civ. P. 41(b). *See* Rep. & Rec at 3-4. That statute allows a court to dismiss an action if a petitioner "fails to prosecute or comply with these rules or a court order." Rule 41(b). In his objection – which is largely incomprehensible – Petitioner complains only that his petition was properly filed under § 2241, rather than § 2254. *See* Petr.'s Obj., *passim*.

On de novo review, the Court ADOPTS the Report and Recommendation. First, Petitioner has never supplied the Court with any relevant information about his conviction or sentence. Petitioner suggests that he was arrested in Okmulgee, Oklahoma but he does not supply a case number, describe the nature of the conviction and sentence, or provide any information regarding his alleged Indian citizenship (assuming that forms the basis for his jurisdictional argument). The Court cannot address his request for habeas relief without this information and Judge Green ordered him to provide it, cautioning him that his failure to comply would result in dismissal. *See* [Doc. No. 9].

Second, Judge Green is correct that a challenge to the underlying conviction must come under § 2254 and not § 2241.  *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017). Petitioner's arguments to the contrary are unpersuasive.

### III.     Conclusion

Having carefully reviewed Petitioner's multiple petitions, the Report and Recommendation, and Petitioner's objection de novo, the Court agrees with Judge Green's analysis.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 11] and DISMISSES Petitioner's second amended petition [Doc. No. 10] without prejudice.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 26th day of October, 2022.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE